Case No. 14-3511

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DR. HOLLANT M. ADRIEN

Plaintiff-Appellant,

v.

WITTENBERG UNIVERSITY, et al.

Defendant-Appellees.

CORRECTED BRIEF OF APPELLEE
WITTENBERG UNIVERSITY

David A. Campbell (0066494)
Liana R. Hollingsworth (0085185)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44112
Phone:  216-479-6100
Fax:     216-479-6060
dacampbell@vorys.com
lrhollingsworth@vorys.com

*Counsel for Appellee*
*Wittenberg University*

-i-

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Sixth Circuit Rule 26.1, Wittenberg University makes the following disclosures:

1. Wittenberg University is not a party, subsidiary or other affiliate of a publicly owned corporation.

2. There are no publicly owned corporations, not a party to the case, that have a financial interest in the outcome.

*/s/ David A. Campbell*
One of the Attorneys for Appellee
Wittenberg University

## **TABLE OF CONTENTS**

**Page**

CORPORATE DISCLOSURE STATEMENT ................................................................. i

TABLE OF AUTHORITIES ............................................................................................ iv

STATEMENT REGARDING ORAL ARGUMENT ...................................................... 1

JURISDICTIONAL STATEMENT .................................................................................. 1

STATEMENT OF ISSUES ............................................................................................... 1

STATEMENT OF CASE AND STATEMENT OF FACTS ........................................... 2

SUMMARY OF ARGUMENT ......................................................................................... 5

STANDARD OF REVIEW ............................................................................................... 5

LEGAL ARGUMENT ....................................................................................................... 7

I.    ADRIEN'S FAILURE TO OBJECT TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION THAT THE CASE BE DISMISSED CONSTITUTES A WAIVER OF HIS RIGHT TO APPEAL THE DISTRICT COURT'S ADOPTION OF THAT RECOMMENDATION ............................................................ 7

II.    WHEN THE PLAINTIFF FAILS TO PARTICIPATE IN A DISCOVERY CONFERENCE AND FAILS TO ATTEND A MANDATORY PRETRIAL CONFERENCE, THE DISTRICT COURT DOES NOT ABUSE ITS DISCRETION BY ORDERING THE DISMISSAL OF THE ACTION ................................................ 7

    A.    The District Court Did Not Abuse Its Discretion By Dismissing Adrien's Lawsuit Against Wittenberg University Because Adrien Has Not Raised Any Claims Against Wittenberg University ............................................................ 10

CONCLUSION ................................................................................................................ 11

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ............................................. 12

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS PURSUANT TO 6 CIR. R. 30(G) ....................................... 13

CERTIFICATE OF SERVICE ................................................................... 14

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ball v. City of Chicago*, 2 F.3d 752 (7th Cir. 1993) .................................................. 10

*Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375 (E.D. Pa. 1961), *aff'd*,
　314 F.2d 944, *cert. denied* 375 U.S. 817 (1962) ...................................................... 8

*Carter v. City of Memphis*, 636 F.2d 159 (6th Cir. 1980) .......................................... 6

*Coleman v. American Red Cross*, 23 F.3d 1091 (6th Cir. 1994) ............................... 6

*Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768 (6th Cir. 2002) .................... 6

*GE v. Joiner*, 522 U.S. 136, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997) ..................... 6

*Harmon v. CXS Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997) ...................................... 8

*Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843 (6th Cir. 2010) .......................................... 6

*Knoll v. AT&T*, 176 F.3d 359 (6th Cir. 1999) ............................................................. 8

*Logan v. Dayton Hudson Corp.*, 865 F.2d 789 (6th Cir. 1989) .................................. 8

*Matter of Sanction of Baker*, 744 F.2d 1438 (10th Cir. 1984) ................................... 8

*Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586 (6th Cir. 2001) ...................................... 9

*Muncy v. G.C.R., Inc.*, 110 Fed. Appx. 552 (6th Cir. 2004) ....................................... 9

*Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d.
　150 (6th Cir. 1988) ................................................................................................... 8

*Sexton v. Uniroyal Chem. Co.*, 62 Fed. Appx. 615 (6th Cir. 2003) ........................ 8, 9

*Shields v. Comm'r of Soc. Sec.*, 474 Fed. Appx. 857 (3d Cir. 2012) ....................... 10

*Smith v. Barry*, 502 U.S. 244, 112 S. Ct. 678, 116 L. Ed. 2d 678
　(1992) ....................................................................................................................... 5

*Stough v. Mayville Community Sch.*, 138 F.3d 612 (6th Cir. 1998) .......................... 9

*Surles v. Greyhound Lines, Inc.*, 474 F.3d 288 (6th Cir. 2007) ................................. 6

*Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).................... 7

*Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 101 L. Ed. 2d 285,
    108 S. Ct. 2405 (1988) ........................................................................................ 5

*United States v. Universal Mgmt. Servs.*, 191 F.3d 750 (6th Cir. 1999)................... 5

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) ............................................ 7

*Vassalle v. Midland Funding LLC*, 708 F.3d 747 (6th Cir. 2013) ............................. 6

**STATUTES**

28 U.S.C. § 1291 ......................................................................................................... 1

28 U.S.C. § 1915 ......................................................................................................... 2

**RULES**

Federal Rule of Appellate Procedure 3(c)(1)(B).......................................................... 5

Federal Rule of Appellate Procedure 30(G).............................................................. 13

Federal Rule of Appellate Procedure 32(a)(5) .......................................................... 12

Federal Rule of Appellate Procedure 32(a)(6) .......................................................... 12

Federal Rule of Appellate Procedure 32(a)(7)(B) ..................................................... 12

Federal Rule of Appellate Procedure 32(a)(7)(B)(iii)............................................... 12

Federal Rule of Appellate Procedure 32(a)(7)(C)..................................................... 12

Federal Rule of Civil Procedure 41(b) ............................................................... 6, 7, 8

Federal Rule of Civil Procedure Rule 26(f) ................................................................ 3

Sixth Cir. R. 32(a) ..................................................................................................... 12

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not request oral argument in this case.

## JURISDICTIONAL STATEMENT

The lower court dismissed all claims asserted by Plaintiff without prejudice. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1.   Does a party who fails to file objections to a magistrate judge's report and recommendation that the case be dismissed waive his right to appeal the District Judge's adoption of the magistrate's recommendation?

2.   When the Plaintiff fails to participate in a discovery conference and fails to attend a mandatory pretrial conference, does the District Court abuse its discretion by ordering the dismissal of an action without prejudice?

## STATEMENT OF CASE AND STATEMENT OF FACTS

While employed as a professor at Wittenberg University, Appellant Hollant Adrien was arrested and charged with several counts of rape and kidnapping. Some charges were dismissed prior to trial. Adrien was acquitted on the charge on which he was tried. He then filed a Complaint naming Wittenberg, the City of Springfield, Ohio's police department and several Ohio newspapers and television stations as Defendants. [Complaint, RE #3, Page ID #528-1379.]

Pursuant to 28 U.S.C. § 1915, U.S. Magistrate Judge Michael Merz issued an Order permitting the *pro se* case to proceed. [Nov. 21, 2013 Order, RE #6, Page ID #1380-1383.] Adrien made no initial effort to effect service on the Defendants, so the District Court issued an Order reminding him of his obligation to serve the Defendants. [Dec. 18, 2013 Order, RE # 9, Page ID #1386.] After all Defendants were finally served, Wittenberg filed a motion for a more definite statement. [Motion For A More Definite Statement, RE #15, Page ID #1419-1438.] Other Defendants filed Answers. [Springfield Police Dept. Answer, RE #14, Page ID #1415-1418; Media Defendants' Answer, RE #18, Page ID #1446-1459.] Adrien did not file a brief in opposition to Wittenberg's motion, despite the court's February 24 reminder that he needed to do that by March 17. [Feb. 24, 2014 Order, RE #29, Page ID #1506.]

On February 25, 2014, the District Court entered an Order scheduling an <u>in person</u> Preliminary Pretrial Conference for April 4, 2014. All parties were ordered to participate in a conference to map out a plan for discovery. [Order For Preliminary Pretrial Conference, RE #30, Page ID #1507.]

On March 18, 2014, Adrien filed a "Request for a Continuance," indicating that he needed at least 30 additional days "so he can complete his search to obtain legal representation in this matter." [Request For Continuance, RE #31, Page ID #1508-1509.] The District Court denied that motion without prejudice because Adrien failed to consult with defense counsel on his request for additional time. [Mar. 18, 2014 Notation Order Denying Motion To Continue, RE #31, Page ID 1508-1509.]

As counsel for the first-named Defendant, counsel for Wittenberg took the lead in attempting to schedule the required discovery conference. Adrien did not respond to those efforts. Without input from Adrien, counsel for the Defendants filed a Federal Rule of Civil Procedure 26(f) Report on March 21, 2014, indicating that Adrien had failed to respond. [Rule 26(f) Report, RE #32, Page ID #1510-1515.]

The Preliminary Pretrial Conference was held in open court as scheduled on April 4, 2014. All Defendants appeared through counsel, but Adrien failed to appear. Later that same day, Magistrate Judge Merz issued a Report

recommending that the case be dismissed without prejudice for want of prosecution. [Magistrate's Report And Recommendation, RE #33, Page ID #1516-1517.] Several hours later, but still on April 4, Adrien's second request for additional time was filed. [Second Request For Continuance, RE #34, Page ID #1518-1520.][1]

---

[1] The certificate of service on that motion indicates that it was mailed to the court and defense counsel on April 1.

## SUMMARY OF ARGUMENT

1. A party who fails to file objections to a magistrate judge's report and recommendation that the case be dismissed waives his right to appeal the District Judge's adoption of the magistrate's recommendation.

2. The District Court does not abuse its discretion by ordering the dismissal of the action when the Plaintiff failed to participate in a discovery conference and failed to attend a mandatory pretrial conference.

## STANDARD OF REVIEW

Federal Rule of Appellate Procedure 3(c)(1)(B) "requires the designation of the judgment or order from which an appeal is taken. Moreover, this rule is jurisdictional and may not be 'waived' by this court." *United States v. Universal Mgmt. Servs.*, 191 F.3d 750, 756 (6th Cir. 1999) (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 101 L. Ed. 2d 285, 108 S. Ct. 2405 (1988); *Smith v. Barry*, 502 U.S. 244, 248, 112 S. Ct. 678, 116 L. Ed. 2d 678 (1992)).

Dr. Hollant M. Adrien's ("Adrien") Notice of Appeal [Notice of Appeal, RE #39, Page ID #1529-1536] indicates that he is appealing the District Court's April 23, 2014 Order dismissing his lawsuit. [Order Adopting Magistrate's Report and Recommendation, RE #37, Page ID #1526.] Pursuant to Rule 3, this Court's jurisdiction is limited to a review of that Order only. *Universal Mgmt. Servs., Inc.*,

191 F.3d at 756 ("[I]f an appellant . . . chooses to designate specific determinations in his notice of appeal -- rather than simply appealing from the entire judgment -- only the specified issues may be raised on appeal.").

This Court reviews a judicial dismissal of a lawsuit as a sanction pursuant to Federal Rule of Civil Procedure 41(b) under an abuse of discretion standard. *Coleman v. American Red Cross*, 23 F.3d 1091, 1094 (6th Cir. 1994); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980). An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, improperly applies the law, or employs an erroneous legal standard. *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 754 (6th Cir. 2013); *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843 (6th Cir. 2010). In so doing, the Appellate Court shall "reverse only where the district court renders a manifestly erroneous ruling. *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 293 (6th Cir. 2007); *GE v. Joiner*, 522 U.S. 136, 142, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997); *see also Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 781 (6th Cir. 2002) (finding abuse of discretion where the court is "left with a definite and firm conviction that [the district court] committed a clear error of judgment").

## LEGAL ARGUMENT

I. **ADRIEN'S FAILURE TO OBJECT TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION THAT THE CASE BE DISMISSED CONSTITUTES A WAIVER OF HIS RIGHT TO APPEAL THE DISTRICT COURT'S ADOPTION OF THAT RECOMMENDATION.**

Dr. Hollant M. Adrien ("Adrien") did not file any objections to Magistrate Judge Merz's April 4, 2014 Report and Recommendation that the case be dismissed. [Magistrate's Report And Recommendation, RE #33, Page ID #1516-1517.] A party who fails to file objections to a magistrate judge's report and recommendation waives his right to appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Adrien offers no reasons why his failure to object to the magistrate's recommendation should be excused. Since Adrien waived his right to appeal the Order, the judgment of the court below should be affirmed.

II. **WHEN THE PLAINTIFF FAILS TO PARTICIPATE IN A DISCOVERY CONFERENCE AND FAILS TO ATTEND A MANDATORY PRETRIAL CONFERENCE, THE DISTRICT COURT DOES NOT ABUSE ITS DISCRETION BY ORDERING THE DISMISSAL OF THE ACTION.**

The Sixth Circuit has recognized that Federal Rule of Civil Procedure 41(b) gives courts the authority to dismiss an action "for failure of the plaintiff to

prosecute or to comply with these rules or any order of court." *Sexton v. Uniroyal Chem. Co.*, 62 Fed. Appx. 615, 618 (6th Cir. 2003) (citing *Harmon v. CXS Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)); *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "'[F]ailure to prosecute' under the rule does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done there will be no trial." *Sexton*, 62 Fed. Appx. at 618 (quoting *Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375 (E.D. Pa. 1961), *aff'd*, 314 F.2d 944, *cert. denied* 375 U.S. 817 (1962)).

"This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties . . . A district court must be given substantial discretion in serving these tasks.'" *Id.* (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). An appellate court will "reverse the district court's dismissal only if [the appellate court has] a definite and firm conviction that the trial court committed a clear error of judgment." *Id.* (citing *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)).

In the context of a dismissal pursuant to Rule 41(b), the Sixth Circuit relies on the four factors applied in *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d. 150, 153-55 (6th Cir. 1988) for guidance: (1) whether the party's

failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Sexton*, 62 Fed. Appx. at 618; *Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001); *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). However, these factors are only guidelines in the "abuse of discretion" analysis, which by necessity is highly fact-specific and case-specific; they are not required "elements." *Muncy v. G.C.R., Inc.*, 110 Fed. Appx. 552, 555 (6th Cir. 2004).

In this case, Adrien made no attempt to serve the Defendants with process until the trial court issued a "friendly reminder." [Dec. 18, 2013 Order, RE # 9, Page ID #1386.] Additionally, although Adrien was notified of the trial court's requirement that he must participate in a discovery conference with defense counsel and personally attend an "in person" pretrial conference [Order For Preliminary Pretrial Conference, RE #30, Page ID #1507], Adrien did neither. The only explanation offered by Adrien was that he had been unable to retain counsel, but he gave no justification for why he failed to do so. [Second Request for Continuance, RE #34, Page ID #1518-1520.] Defendants incurred costs when their counsel appeared for the mandatory pretrial conference and were thus prejudiced by Adrien's failure to attend.

Accordingly, the district court did not abuse its discretion by ordering a dismissal of the lawsuit.

### A. The District Court Did Not Abuse Its Discretion By Dismissing Adrien's Lawsuit Against Wittenberg University Because Adrien Has Not Raised Any Claims Against Wittenberg University.

Furthermore, dismissal of Adrien's lawsuit against Wittenberg University was not an abuse of discretion because Adrien has never stated a claim against Wittenberg University. "The decision whether to dismiss a suit for failure to prosecute should, ideally, take full and careful account of . . . the probable merits of the suit." *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993); *see also Shields v. Comm'r of Soc. Sec.*, 474 Fed. Appx. 857, 858 (3d Cir. 2012) (holding that the "apparent lack of merit in [Plaintiff's] claim weigh[ed] in favor of dismissal" for failure to prosecute).

In this case, Adrien's Complaint failed to clearly state a claim against Wittenberg University. [Complaint, RE #3, Page ID #528-1379.] In an effort to determine what claims were being made against it, Wittenberg University filed a motion for a more definite statement. [Motion For A More Definite Statement, RE #15, Page ID #1419-1438.] Adrien never responded. To this date, Wittenberg University still does not know what claims Adrien is asserting against it and has been prejudiced thereby. As such, Adrien's claims against Wittenberg University

are without merit, and the district court's dismissal of Adrien's lawsuit as against Wittenberg University should be upheld.

## CONCLUSION

Because the District Court did not abuse its discretion when it dismissed Adrien's lawsuit without prejudice, the judgment in favor of all the Appellees should be AFFIRMED.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell
Liana R. Hollingsworth
VORYS, SATER, SEYMOUR AND
  PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44112
Phone: 216-479-6100
Fax:    216-479-6060
Email: dacampbell@vorys.com
  lrhollingsworth@vorys.com

*One of the Attorneys for Appellee Wittenberg University*

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and Sixth Cir. R. 32(a), the undersigned certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,102 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2007 in Times New Roman, 14 point.

/s/ *David A. Campbell*
David A. Campbell

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS PURSUANT TO 6 CIR. R. 30(G)

| RECORD ENTRY NO. | DOCUMENT | PAGE ID # |
|---|---|---|
| 3 | Complaint | 528-1379 |
| 6 | Nov. 21, 2013 Order | 1380-1383 |
| 9 | Dec. 18, 2013 Order | 1386 |
| 14 | Answer Of Defendant City of Springfield Police Department | 1415-1418 |
| 15 | Motion For A More Definite Statement | 1419-1439 |
| 18 | Media Defendants' Answer | 1446-1486 |
| 29 | Feb. 24, 2014 Order | 1506 |
| 30 | Order For Preliminary Pretrial Conference | 1507 |
| 31 | Request for Continuance; Mar. 18, 2014 Notation Order Denying Motion To Continue | 1508-1509 |
| 32 | Rule 26(f) Report | 1510-1515 |
| 33 | Magistrate's Report And Recommendation | 1516-1517 |
| 34 | Second Request for Continuance | 1518-1520 |
| 36 | Order Denying Continuance | 1522-1525 |
| 37 | Magistrate's Order Adopting Report And Recommendation | 1526 |
| 39 | Notice Of Appeal | 1529-1536 |

-14-

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was filed electronically on this 25th day of August, 2014. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system. I also certify that a true and accurate copy of the foregoing was sent via regular U.S. Mail, postage prepaid this 25th day of August, 2014 to the following:

Hollant M. Adrian
P.O. Box 50201
Sarasota, FL  34232

                              /s/ David A. Campbell
                              David A. Campbell